CaRUthees, J.,
delivered the opinion of the Court,
The East Tennessee and Virginia Railroad Company located its road upon the land of Mrs. Love, in Washington county. The petition was filed by Love and wife, to obtain compensation and damages in the mode provided by the charter, in October, 1856, in the Circuit Court of Washington. The defendant appealed from the action of the commissioners, and the case was submitted to a jury, and tried before the Court in conformity to the statute. The jury reduced the amount *65 assessed by the commissioners, both as to the value of the land appropriated, and the incidental damages. For this reduced amount, judgment was rendered by the Court, and an appeal in error, taken by the defendant. Various errors are assigned in argument.
1. It is insisted, that as the title to the land is in Mrs. Love, a feme covert, the corporation will not get a good title, because, by simply using her name with that of her husband, as petitioner, without more, she will not be divested of her right, and, consequently, as the road is, by the charter, entitled to the fee simple in the land taken, upon payment of the compensation and damages assessed, the Court cannot compel it to make payment until it is shown that a perfect title can be made.
But we think the corporation will obtain a good title under the proceedings in this case. This could either be decreed by the Court, which has, perhaps, been the usual practice, or the Court could order a deed to be made by husband and wife, with privy examination, (if indeed any paper title at all is necessary,) as a condition precedent to the payment of the damages. The right to take land under the power of Eminent Domain, is not restricted by any disabilities of the owner. That would defeat the object of the power, which is, the public necessity to take it for the general good. The power of the State to appropriate the property is unquestioned, but the right of the.owner to be paid for it, is secured by the Constitution. The power of the State is subject to no restrictions but that of making compensation. This inherent authority of the government to take private property for public use, is exercised without any reference to the private ownership. The existence of infancy, coverture, or other disability, presents no obstacle. The corelative constitutional right to demand and receive the value of the property, can only be asserted by the true owner. Where the land belongs to a feme covert, she is entitled to the price when the property is taken from her, otherwise than by her free and voluntary consent in the mode pointed out by statute on a sale by her husband. In *66 that case there must be a privy examination before the proper authority to divest her of her title. Their joint action is necessary in every case, either upon a private sale, where a deed is made in pursuance of a contract of the husband, or where she is deprived of her property by the decree of a Court, or the State in the exercise of her paramount authority for the public good. Here she has been deprived of her property without her consent, but lawfully. A claim against the public, or the corporation exercising the public right, for the value of the land taken, results; and how is it to be asserted ? The statute incorporating the company prescribes the mode, and it is to be by petition to the Circuit Court, &c. In this suit, as it may be called, for a debt of the wife the husband must join. In a suit for a demand of the wife, the husband may, certainly, bring her before the Court for her own benefit, so as to bind her by the action of the Court, without any express consent, or privy examination of the wife. The object and effect of the suit is not to deprive her of her land, for that is gone already by the lawful^ act of the corporation; but it is to recover the pay for it, a debt due the wife. All the corporation can require is, that it may get a good acquittance when the money is paid, so as not to be subject to a demand from any other person. We think the joint petition of husband and wife, in this case, brings her before the Court in a form to extinguish her claim by payment of the judgment, and on the other hand, to authorize the Court to effectually pass her title to the company by decree, or to order a joint deed, to be made by the petitioners in due form, before they receive the money. But we hold further, that the wife is entitled to the money, as the land was hers, and that the Court must protect her rights. Although the provisions in the Code in relation to the proceeds of land sold belonging to persons under disability, may not expressly embrace this case, yet the sections on pages 616 and 619 are broad enough to cover it, and the Court should be governed b.y them in the disposition of this fund. The fallacy of the argument on this part of the case, arises from the apparent *67 idea which pervades it, that the consent of the feme covert must, in some way, appear, to part with her land. But the doctrine is just the reverse. The sovereign authority demands her property for the public good, and she has no power of resistance, but must passively submit, tier property is irrecoverably gone, but a right to the value, in money, remains. So the question is not what is necessary to deprive her of her land, that is already gone by the location of the road upon it, but how shall she recover the compensation to which she is entitled ? We think the proper mode was adopted in this case, and the objections taken by the defendant are not sustainbale.
2. It is objected that the title of Mrs. Love to the land is not established. It is certainly true, that the compensation and damages cannot be recovered by any other than the true owner of the land taken. The only title paper produced, is the will of Joseph Young, the father of Mrs. Love. By that, the tract of land over which the road runs, was devised to his daughter Peggy (Mrs. Love,) and Elizabeth (Mrs. Burts) “equally to be divided between them.” The partition between the devisees was allowed to be proved by parol. It is true, that partition to be valid, must be in writing. But Burts, originally, and his wife, by amendment, are united in this proceeding, claiming damages for the land taken from them out of their part of the same land, on the other side of the partition line, agreed upon and recognized for more than twenty years. Their own statements of record would conclude them as to their respective rights, and protect the company from any further or future claim by either. The title to the two is undisputed, and their own statements as to the proportions of each in the compensation, would be binding upon them.
3. The supposed error most seriously pressed in the argument, is upon the instruction of the Court to the commissioners, and the jury, on the question of incidental damages and benefits under the provisions of the charter on that subject. This is a subject of great difficulty, and was much considered by the Court in the case of Woodfolk v. The Nashville and *68 Chattanooga Railroad Company, 2 Swan, 422. Without going again into the question, it is enough to say here, that upon a review of that case, we are satisfied with its doctrines, and the principles it establishes. We are not able to see in ithe instructions of the Court in this case, any substantial departure from that. No objection is taken to the charge of his Honor, in relation to incidental injuries to the land owner, but the error is supposed to exist on the question of the incidental benefits authorized by the charter to be set off against the damages. Upon this point it is only necessary to state, that we do not see that discrepancy between the charge, and the case referred to, which is insisted upon by the counsel, but consider that a strict, or at least substantial, conformity exists. The reasons which brought us to the conclusions announced in that case, need not now be repeated, as they are there fully set forth. The question is an important one, and js pregnant with inherent difficulties, but we consider it unnecessary again to open it, as the rules laid down in the case referred to have ever since been adhered to by this Court, and ■are considered correct.
Our conclusion is, that there is no error in the case, and we therefore affirm the judgment. The case will, however, be remanded, that the course indicated in this opinion be adopted ■by the Cir cuit Court for the security of the married women, .(both Mrs. Love and Mrs. Burts,) to the compensation and •damages recovered.
As to the costs, we think they were properly charged to the -defendant, and the cost of this Court must also be so taxed.